### 59029. HOWARD v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of voluntary manslaughter. *Held:*

1. The first enumeration is the general grounds. We find the evidence sufficient to authorize a rational fact finder to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, — U.S. — (99 SC 2781, 61 LE2d 560).

2. Defendant claims error because statements he made to police were admitted despite evidence that the statements were obtained after he indicated he wished to remain silent. From conflicting evidence the trial court found the statements were properly obtained. " 'Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous.' " *High v. State,* 233 Ga. 153, 154 (210 SE2d 673). We find the trial court's determination was not clearly erroneous and the statements were properly received in evidence.

3. The trial court's charge on circumstantial evidence is claimed to have been inadequate because it was not the instruction requested by defendant. The charge was in accordance with Code Ann. § 38-109, which establishes the standard for conviction on circumstantial evidence. It is not necessary to give the exact language of a request to charge when the same principles are fairly given in the general charge. *Burnett v. State,* 240 Ga. 681 (7) (242 SE2d 79). The trial court did not err.

4. The trial court charged the jury "that the acts of a person of sound mind and discretion are presumed to be the products of the person's will and a person of sound

mind and discretion is presumed to intend the consequences of his acts, but both of these presumptions may be rebutted." Citing Sandstrom v. Montana, — U.S. — (99 SC 2450, 61 LE2d 39) (1979), defendant claims this charge erroneously shifted the burden to the defense to rebut the presumption. The jury was also charged "that a person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon a consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." A similar charge was recently upheld by the Supreme Court of Georgia, where the court said: "This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the Court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted . . .' [cit.] The charges given Skrine's jury on this subject, taken together, created merely a permissive presumption of the type considered in County Court of Ulster County v. Allen, — U. S. — (99 SC 2213, 60 LE2d 777) (1979). Such a presumption 'allows — but does not require — the trier of fact to infer the elemental (element of the crime) fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' Id, 60 LE2d 777." *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted January 7, 1980 — Decided January 24, 1980.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Savannah L. Potter, Assistant District Attorneys,* for appellee.