## 62143. RUSSELL v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, along with two others, for the offense of burglary. He was tried and convicted and sentenced to a term of ten years. A motion for new trial was duly filed, amended, and overruled. Defendant appeals. *Held:*

1. On the occasion in question a green Chevrolet automobile was observed in the victim's driveway with three or four people in it. It was later observed on a road in the vicinity with only the driver seen therein. The vehicle was seen a little later in the vicinity with three occupants therein. The witness who made these observations knew that the victim was not at home and reported the suspicious circumstances to him at work. Whereupon the victim arrived home, discovered the burglary, armed himself, and proceeded to locate a green Chevrolet automobile nearby on an old dirt road. The occupants were the defendant and two other persons. At gunpoint the victim forced the three occupants from the vehicle and observed inside the vehicle, in plain view, a pillowcase belonging to him which had wet change (coins) laying thereon (a jug of water in which he had coins had been broken and the coins removed), a pistol taken from his home and two proof sets of coins. He held them at bay until law

enforcement officers arrived and placed them under arrest.

At the jail an inventory of personal effects was made which were taken from the defendant, the same being certain tarnished coins with watermarks and a liberty bicentennial silver dollar, all of which were identified by the victim as his property.

During the trial the defendant and the two other co-defendants arrested with him testified that the two co-defendants planned and carried out the burglary but that the defendant was only present in the vehicle under the influence of intoxicants to the point of being drunk and having no knowledge of what occurred. One of the co-defendants testified that the silver dollar offered in evidence was removed from his pocket and not that of this defendant.

Prior to trial a motion to suppress hearing was held in which the defendants sought to suppress certain United States currency, a .32 caliber pistol, a .25 caliber automatic pistol, a .45 caliber automatic pistol, and a pillowcase, based upon an illegal search and seizure conducted by the law enforcement officials as well as a private citizen, and also contending that an illegal arrest had been made in violation of the state and federal constitutions as well as the law of Georgia. At the completion of the hearing the trial court stated that it would not suppress the personal items of property seized by the victim, that is, certain coins, a .25 caliber automatic pistol, and a pillowcase, or the circumstances under which the victim found his personal property. However, because the state failed to carry its burden of proof with reference to certain other articles seized by the law enforcement officers, that is, in establishing the proper chain of custody by showing which officers removed these items from the automobile, the court verbally stated, "I'll suppress the introduction of anything taken out of the car by officers . . . the State's made no showing." We find no written order in the record other than the verbal statement of the court at the completion of the motion to suppress hearing.

The first two enumerations of error complained of the allowance in evidence of the silver dollar allegedly removed from the defendant, which was seized as a result of an inventory search as to personal effects when this defendant arrived at the jail. Defendant contends that the trial court erred in allowing same in evidence inasmuch as it violated the ruling on the motion to suppress and the existence of this coin was hidden from defense counsel and used as a surprise move at the time of trial. As the court's ruling on the motion to suppress dealt only with the items discovered and seized at the motor vehicle, and the coin in question was not removed from the aforementioned vehicle, but was found during the inventory search, the state was neither guilty of misconduct nor subterfuge. There has been no showing that its seizure by reason of the inventory search was in

violation of any of the constitutional rights of this defendant. See *Cash v. State,* 136 Ga. App. 149 (2) (221 SE2d 63). Compare *Watts v. Cannon,* 224 Ga. 797, 798 (164 SE2d 780). The defendant and his witnesses all testified that the coin in question was not taken from his person but claimed it was removed from the possession of one of the other co-defendants. Consequently, this issue was for jury determination as to whether the coin came from the defendant or the co-defendant. The first two enumerations of error are not meritorious.

2. The next two enumerations of error are concerned with the failure of the trial court to grant a continuance where a proper request had been made for a list of witnesses as well as a copy of the bill of indictment upon proper motion therefor and same was not given to counsel until the day of trial. See in this connection *Hunnicutt v. State,* 135 Ga. App. 774 (1) (219 SE2d 22); *Davis v. State,* 135 Ga. App. 203, 206 (3) (217 SE2d 343); *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30). The trial court heard the motion in which the state contended the defendant had first pleaded not guilty, then changed his plea to guilty and then withdrew the plea of guilty, again pleading not guilty. The assistant district attorney explained to the court that he had conferred with defense counsel and advised him that he was handling the case but that at no time prior to trial did defense counsel advise him "he still needed a copy of the bill of indictment and the list of witnesses," and that since defense counsel had subpoenaed certain witnesses at prior hearings, this shows that he had knowledge of them all. Further, as to the silver dollar to which defendant had pleaded surprise that it would be offered in evidence, this evidence was not involved with the motion to suppress and the state's counsel had no knowledge of the silver dollar until the date of trial. In the colloquy with reference to the motion defense counsel stated, in response to a question by the court as to whether there was anyone on the list of witnesses that he did not know about, that he had subpoenaed two of the witnesses but they did not appear at either hearing and that he was aware that the victim was a witness and as to two others listed as witnesses, but he offered no other explanation with reference to surprise which would have required a continuance. Only three witnesses were used against the defendant and counsel was aware of two of them who were the victim and his next door neighbor. The third he had subpoenaed because he might have some knowledge. This witness had considerable knowledge about the case since he was the investigator for the sheriff's department. However, an inquiry of this witness would not have developed any leads toward material that could have been used by the defendant at the trial, although there would have been no surprise by reason of the silver dollar, allegedly

the property of the victim had the court given defense counsel time to interview the witness as is the suggested procedure in *Woods v. State,* 240 Ga. 265, 269 (3) (239 SE2d 786). Nevertheless, such an interview would not have assisted the defense. If he had been aware of this witness this information would have been of no benefit with reference to the defense except to alert him to certain evidence (the silver dollar) which would be used against him. Under the circumstances here, the denial of the motion for continuance, if error, would have been harmless. See *Caito v. State,* 130 Ga. App. 831, 837 (7) (204 SE2d 765); *Kitchens v. State,* 134 Ga. App. 81, 83 (2) (213 SE2d 180). We find no reversible error here.

3. The next enumeration of error complains of the failure of the trial court to give a written request to charge as to unexplained possession of recently stolen goods. The court did charge, however, on recent possession of stolen goods, and the charge requested was argumentative in that the possession thereof was not unexplained since the defendant was found with the two other defendants in an automobile closely linked with the burglary. Under the circumstances here, the charge as given was correct and a complete statement of the law as required by the evidence. See *Mathews v. State,* 103 Ga. App. 743 (2) (120 SE2d 359). Compare *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704). There is no merit in this complaint.

4. Defendant also complains of the failure to give a written request to charge that where all reasonable deductions from the evidence presents two theories, one of guilt and the other consistent with innocence, the law compels the acceptance of the theory consistent with innocence. Defendant bases his claim of error in that all witnesses offered in defense showed a theory consistent with his innocence contending he was so drunk as not to be aware of the burglary, citing *Patrick v. State,* 75 Ga. App. 687 (2), 691 (44 SE 297). However, the trial court did charge on circumstantial evidence alone as not justifying a finding of guilty unless the circumstances are entirely consistent with the defendant's guilt and wholly inconsistent with any reasonable theory of the defendant's innocence and are so convincing as to exclude a reasonable doubt of the defendant's guilt. The charge as given was an accurate and complete statement with reference to circumstantial evidence alone and rendered the defendant's request to charge unnecessary. Compare *Woodall v. State,* 235 Ga. 525, 532-533 (221 SE2d 794); *Welch v. State,* 235 Ga. 243, 246 (1) (219 SE2d 151).

5. The remaining enumerations of error involve the sufficiency of the evidence. After a careful review of the entire record and transcript we are of the opinion that the trial court did not err in denying the motion for new trial based on the general grounds as the

evidence was sufficient to support the verdict of guilty of the offense of burglary beyond a reasonable doubt, and a rational trier of fact, the jury in the case sub judice, could reasonably have so determined. *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201). See also *Rachel v. State,* 247 Ga. 130, 132 (1) (274 SE2d 475).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1981.

*Dean B. Donehoo,* for appellant.
*Stephen Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for appellee.