## 65433. THE STATE v. ALLEN.

QUILLIAN, Presiding Judge.

In a driving under the influence of alcohol case the trial court, on motion, suppressed the results of the analysis of defendant's breath by an intoximeter on the sole ground that the state produced no evidence to show that the intoximeter was maintained in good operating condition. The state appeals. *Held:*

The officer who administered the breath test testified that he was trained and certified by the state crime laboratory to operate the intoximeter. The instrument used was the latest type called the auto-intoximeter, which is tamper proof and fully automatic. It is certified, checked and maintained periodically by the state. The auto-intoximeter only requires that a checklist be followed to operate it. The operator cannot run an accuracy test as the instrument automatically does this itself and will not function if it is not operating properly. All the required procedures shown on the check list were followed in giving the test to the defendant. The instrument has an on-off switch and three buttons to push to operate it. After the instrument is turned on the start button is pushed which first causes a standard test to be run which must result in a reading of .11 or the instrument will not function any further. The second button runs a blank test by which the instrument clears itself, after which a light comes on which says "Test the subject." The subject then blows into the mouthpiece and when a sufficient sample has been obtained the "test subject" light goes off. Finally the third button is pushed and the results are printed out.

In *Arnold v. State,* 163 Ga. App. 94 (1), 95 (293 SE2d 501), in considering whether there was sufficient evidence to deny a motion to suppress the results of an intoximeter test, we said: "[T]he test was administered by a trained evidence technician with a license to operate a breath testing machine. The technician followed all required steps so as to obtain a correct test result. She first ran a standard test to clear the machine of all the alcohol from the previous test. She then ran another standard test to ensure that the machine was working properly, and she then proceeded to administer the test to Arnold . . . The technician testified that the breath machines are checked periodically by the Department of Public Safety and that if she had any problems with a machine she would call her supervisor. She had no problems with the machine when testing Arnold. Thus, the trial court did not err in denying Arnold's motion to suppress the results of his breath test."

The procedures followed in the instant case were the same as those used in *Arnold v. State* with the exception that instead of the

operator running the tests to see if the instrument was operating properly, the auto-intoximeter ran its own tests when its buttons were actuated in accordance with the check list.

As there was evidence showing that the instrument was maintained and operating properly when the test was administered, the trial court erred in ruling that there was no evidence to show that it was maintained in good operating condition and in suppressing the test results.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 2, 1983 —
REHEARING DENIED MARCH 2, 1983 — 

*John R. Thompson, Solicitor, Margaret Gettle Washburn, Assistant Solicitor,* for appellant.
*Robert H. McDonnell,* for appellee.