### 69602. BRASWELL v. THE STATE.
(327 SE2d 558)

POPE, Judge.

After a trial by jury, appellant was convicted of the offenses of reckless driving as defined in OCGA § 40-6-390 (a) and driving under the influence of alcohol, OCGA § 40-6-391 (a). Appellant brings this appeal from the denial of his motion for new trial raising the general grounds and the denial of his motion for directed verdict of acquittal. Since both enumerations assert the insufficiency of the State's evidence to support the verdict, they will be addressed together.

The State presented evidence to show that in the early morning hours of October 8, 1983 Warren E. Galloway heard a clatter and banging in front of his home which he thought to be an automobile accident or someone ramming cars along his street. He called the police. Shortly thereafter, he heard the noise coming back in his direction. He was then outside and saw a tan or cream colored Mercedes pull into the driveway of a house across the street, running over a lamp post in the process. The car parked near the house and Galloway saw the shadow of the driver leave the car. From the size of the shadow, Galloway thought it to be a man. The house belonged to appellant and was occupied by appellant, his wife and one child. The car was also appellant's, registered to his company, and he was self-employed.

While Galloway waited for the arrival of the police, he heard the sound of glass breaking and a loud yell. Also, he heard a woman's voice yelling, "You cut yourself; you're going to bleed to death." Galloway called police a second time.

The police arrived at 2:30 a.m., approximately thirty to forty minutes after the initial call. The investigating officer found appellant standing between the house and the car, heavily intoxicated with a towel wrapped around his bleeding arm. The Mercedes was damaged

and there was a trail of blood from its hood to the kitchen sink. Blood was also found on the broken window of the back door. In the opinion of the officer, appellant's wife had not been drinking. A breath test recorded appellant as having .20 grams percent blood alcohol content.

Galloway and the officer testified that two speed limit signs, one stop sign, a street sign, a mail box, approximately twenty-five to thirty feet of split rail fence and appellant's lamp post were knocked down. A matching piece of cedar from the split rail fence was found imbedded in the right turn signal of appellant's Mercedes.

At the close of the State's evidence, appellant moved for and was denied a directed verdict of acquittal. Appellant presented no evidence. He contends that the evidence is insufficient to support his conviction because there is no direct evidence that he was the driver of the Mercedes. "It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. *Stephens v. State*, 127 Ga. App. 416 (193 SE2d 870) (1972). It is not necessary that the circumstantial evidence exclude *every* . . . inference or hypothesis except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. The jury itself decides whether every reasonable hypothesis except that of guilt of the defendant has been excluded. [Cit.] The jury was in the best position to judge the credibility of the witnesses." *Lewis v. State*, 149 Ga. App. 181 (254 SE2d 142) (1979). "The evidence in this case did not demand a verdict of acquittal and was altogether sufficient for any rational trier of fact to have found [appellant] guilty of the crimes charged beyond a reasonable doubt. *Felchlin v. State*, 159 Ga. App. 120 (2) (282 SE2d 743) (1981); *Stephens v. State*, [supra]." *Shoffeitt v. State*, 163 Ga. App. 372, 373 (294 SE2d 587) (1982). See also *Glisson v. State*, 134 Ga. App. 380 (214 SE2d 386) (1975).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*J. Douglas Sexton*, for appellant.
*Herbert T. Jenkins, Jr., Solicitor*, for appellee.