## 69555. McELROY v. THE STATE.
(327 SE2d 805)

BENHAM, Judge.

This is an interlocutory appeal from the denial of appellant's motion to suppress the results of a breathalyzer test he took after being arrested for DUI and driving without a license. Appellant raises five enumerations of error. We affirm.

1. Appellant's first contention is that the arresting officer had no probable cause to stop or arrest him. At the hearing, the officer testified that while driving along Peachtree Industrial Boulevard at approximately 8:30 p.m., he noticed appellant's car on a side street in an industrial park, and the vehicle's sudden appearance led him to believe that it had been traveling in the wrong direction on the street. The officer decided to investigate further when he saw the driver stop the vehicle in the middle of the street, turn the headlights off, and alight from the vehicle. When he reached the stopped vehicle, the officer got out of his car, approached appellant, and asked him for his driver's license. Appellant replied that he did not have it with him. At that point, the officer observed that appellant was extremely unsteady on his feet and had a strong odor of alcohol about him. Using the name and date of birth which appellant gave him, the officer attempted to get a return on the license but was unsuccessful, after which he approached the driver, spoke to the driver, and again observed signs that he was under the influence of alcohol. The officer then arrested the driver for DUI and driving without a license in his possession, read him the implied consent warning, and obtained his consent to take the test.

" 'Circumstances short of probable cause for arrest may justify the stopping of a pedestrian or motorist for limited questioning. [Cits.]' " *State v. Thomason*, 153 Ga. App. 345 (1) (265 SE2d 312) (1980). We find that the officer had a reasonable and articulable suspicion of wrongdoing and properly confined his intrusion to what was minimally necessary under the circumstances. *State v. Golden*, 171 Ga. App. 27 (3) (318 SE2d 693) (1984). Appellant's assertion that he should not have been required to submit to an intoximeter test because the arresting officer had not observed him commit a criminal offense or violate a traffic ordinance is totally without merit, and it is clear that probable cause existed for the arrest. See *Griggs v. State*, 167 Ga. App. 581 (1) (307 SE2d 75) (1983).

2. Appellant next contends that he cannot be deemed to have given implied consent to be tested, because the arresting officer did not "observe, suspect or conclude that [appellant] may have consumed alcoholic beverages until after . . . arresting [him]." We disagree. Appellant was arrested and charged with DUI only after the officer observed appellant's actions and speech at close range. The

officer complied with the OCGA § 40-5-55 requirement that the chemical test "shall be administered at the request of a law enforcement officer having reasonable grounds to believe that the person has been driving . . . in violation of Code Section 40-6-391." The officer's determination of intoxication was supported by the test results, which showed that appellant had .14 grams percent of alcohol in his blood.

3. Appellant's third and fourth enumerations of error challenge the admissibility of the intoximeter test results by alleging a lack of admissible evidence to show the test had been performed in a manner consistent with the statutory requirements. The State must prove that its evidence meets the requirements of OCGA § 40-6-392 when it seeks to prove a defendant's criminal liability by the introduction of evidence of an intoximeter test. *Munda v. State*, 172 Ga. App. 857 (1) (324 SE2d 799) (1984). Regardless of whether the issue is addressed in a hearing on a "motion in limine" or on a "motion to suppress," this burden is on the State. See *State v. Johnston*, 249 Ga. 413 (291 SE2d 543) (1982). The record indicates that the following evidence was admitted on behalf of appellee: appellant submitted to a breathalyzer test administered by a duly trained and licensed tester; the test was given on the Auto-Intoximeter, a machine approved by this state since 1978 for such use; the machines were checked by the State Crime Lab; the tester was competent to operate the machine in question and did so on this occasion without any problems; the machine cleared itself and ran its own standard test when the proper buttons were pushed; and the machine took appellant's air sample and registered .14 grams percent of alcohol. Under these circumstances, the State carried its burden of proof as to the admissibility of the test result. *State v. Allen*, 165 Ga. App. 584 (300 SE2d 337) (1983); *Arnold v. State*, 163 Ga. App. 94 (1) (292 SE2d 891) (1982).

4. The final enumeration set forth by appellant is that the test result is inadmissible due to the arresting officer's failure to write the tester's name on the citation given to appellant. Since the appellant knew the identity of the tester and cross-examined her at the motion hearing, the admission into evidence of the intoximeter test result was harmless error. *Lester v. State*, 253 Ga. 235 (4) (320 SE2d 142) (1984).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 6, 1985.

*Joseph Szczecko*, for appellant.
*Herbert Jenkins, Jr.*, Solicitor, *Carey M. Cameron*, Assistant Solicitor, for appellee.