## 72050. WEAVER v. THE STATE.
(347 SE2d 295)

BENHAM, Judge.

Appellant was convicted of driving under the influence and appeals the judgment of conviction, claiming the trial court erred no less than 29 times in the course of the trial. We disagree and affirm.

1. Appellant was arrested on March 20, 1983, after he was found wandering, dazed and injured, near his car, which he had driven head-on into a utility pole in DeKalb County. At that time, the arresting officer issued to appellant a uniform traffic citation that detailed the exact time and place of the incident. The citation was filed on April 13, 1983, in the DeKalb County State Court Clerk's office, and the clerk from that office testified that at that time a filed citation served as an accusation if the Solicitor's office chose to prosecute the case. At the time of filing, the citation was assigned Accusation No. Y-00077. In May 1985, a formal accusation was filed on the same D.U.I. case and was assigned Accusation No. Y-21147-3. Appellant contends that the statute of limitation had run on the misdemeanor charge, since the formal accusation was not filed within two years of the date the offense was committed. The trial court disagreed and denied appellant's motion to vacate the order permitting the State to transfer Case No. Y-21147-3 to Case No. Y-00077, and also denied appellant's plea in bar, motion for mistrial, and motion for directed verdict on the same issue. We find no error in the denials made by the trial court. Since the citation was filed within the two-year period, prosecution for the crime was proper. OCGA § 17-3-1. Prosecution being pursued in state court, there was no need for a formal indictment; the citation alone sufficed to prosecute the traffic violation. OCGA §§ 40-13-1 and 40-13-3; *Evans v. State*, 168 Ga. App. 716 (310 SE2d 3) (1983).

2. Appellant filed a special demurrer to the formal accusation, contending that it was not specific enough. The formal accusation charged that appellant committed the offense in DeKalb County on May 20, 1983. There is no merit in appellant's contention; it is sufficient that the accusation charged the offense was committed in a particular county. *Russell v. State*, 174 Ga. App. 436 (1) (330 SE2d 175) (1985). Moreover, more detailed information about the crime was included in the original citation, a copy of which appellant received when he was arrested, and it was sufficient to put him on notice of the crime.

3. Appellant also sought to have the formal accusation dismissed because it did not have a supporting affidavit. The accusation did not need a supporting affidavit or arrest warrant, because appellant had been arrested and issued a uniform traffic citation which was properly completed and signed. OCGA § 17-7-71 (a); *Evans v. State*, supra.

4. Appellant's 5th and 11th enumerations of error focus on the introduction by the State of a subsequent, similar incident of D.U.I. Appellant claims that the incidents were not sufficiently similar to warrant introduction. We disagree. The second incident, in which appellant was arrested for D.U.I. after he was observed trying to make a right-hand turn from the center lane of a three-lane, northbound thoroughfare took place three months after the incident at bar. Both crimes took place in the early hours of weekend mornings and occurred within one-fourth mile of each other; there was no question that appellant was the driver of the vehicles involved; his blood alcohol levels were .27 at the time of the first incident and .23 at the time of the second; his behavior on both occasions was slow, disoriented, calm, and cooperative; and both arresting officers detected the smell of alcohol on his breath. Under the circumstances, the admission into evidence of the second incident to show motive, intent, bent of mind, scheme, or plan was not error. *Kilgore v. State*, 176 Ga. App. 121 (1) (335 SE2d 465) (1985).

5. In his 6th and 7th enumerations, appellant complains that his admission to the arresting officer that he was driving the vehicle at the time of the accident was inadmissible because he had not been given any *Miranda* warnings. The statement was admissible inasmuch as it was made in response to the officer's threshold, pre-arrest inquiry, "What happened?" *Mitchell v. State*, 174 Ga. App. 594 (2) (330 SE2d 798) (1985).

6. During the arresting officer's testimony, appellant objected to his being asked on direct examination the number of accidents to which he had responded that were caused by or involved the driver's use of alcohol. The objection made at trial was that the question was "irrelevant and immaterial." It is not reversible error to overrule such a general objection. *Shouse v. State*, 231 Ga. 716 (4) (203 SE2d 537) (1974).

7. Appellant also complains here that the trial court erred in permitting the officer to testify to the contents of an implied consent card because such testimony was hearsay and denied appellant the right of cross-examination. However, at trial the objection appellant made to the question soliciting the testimony was that it was redundant and called for a conclusion. There is nothing for us to review since appellant failed to make his objection at trial on the specific ground he attempts to raise on appeal. *Wilson v. State*, 145 Ga. App. 315, 322 (244 SE2d 355) (1978).

8. The trial court allowed the intoximeter operator to testify that the result of the breathalyzer test he administered to appellant was .27 grams percent, and appellant claims the admission of the testimony was error. The operator testified about his qualifications to operate the machine and his operation of it when he tested appellant.

Our review of his qualifications leads us to conclude that the operator was properly allowed to testify what the test results were. *State v. Allen*, 165 Ga. App. 584 (300 SE2d 337) (1983).

9. Appellant's 12th enumeration complains that the trial court prejudiced the jury against him when it instructed the jury that persons operating motor vehicles under the influence of alcohol or drugs constitute a direct and immediate threat to the welfare and safety of the general public. In reviewing the trial court's charge as a whole, we note that it included an almost verbatim recitation of OCGA § 40-5-55 (a), including the language about which appellant complains. *Weaver v. State*, 169 Ga. App. 890 (6) (315 SE2d 467) (1984).

10. In his 15th through 27th enumerations, appellant asserts that the trial court erred in failing to give certain of his requests to charge and in giving certain requests submitted by the State. As noted above, we have reviewed the charge as a whole and find that it was proper, and appellant's objections to it have no merit. *Johnson v. State*, 170 Ga. App. 71 (4) (316 SE2d 160) (1984).

11. Appellant's 13th and 14th enumerations of error address the trial court's refusal to allow appellant to argue to the jury that the statute of limitation had run before the accusation was filed against him, and he cites *State v. Tuzman*, 145 Ga. App. 481 (243 SE2d 675) (1978), in support of his argument. We do not agree that the issue was one to be decided by the jury; the issue had been resolved at the pretrial plea in bar hearing, and it was within the trial court's discretion to dispose of it in that manner. *Tuzman* at 483.

12. Appellant's final enumeration of error is that his motion for new trial should have been granted due to the insufficiency of the evidence against him. As the preceding divisions show, the evidence adduced at trial was more than sufficient to permit a rational trier of fact to find appellant guilty of D.U.I. beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Braswell v. State*, 173 Ga. App. 588 (327 SE2d 558) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 7, 1986 — 

*E. T. Hendon, Jr.*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Henry Newkirk, Raymond Guidice, Assistant Solicitors*, for appellee.