## 75102. FARMER v. THE STATE.
### (364 SE2d 639)

CARLEY, Judge.

Appellant was tried before a jury on a four-count indictment: Count One alleged that appellant had operated a motor vehicle after he had been declared to be an habitual violator; Count Two alleged that appellant had been driving while under the influence of alcohol; Count Three alleged that appellant had knowingly operated a motor vehicle "without effective insurance thereon or without an approved plan of self-insurance" in violation of former OCGA § 33-34-12; and, Count Four alleged that appellant had been driving too fast for road conditions. The jury returned a guilty verdict as to all four counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdict.

1. Appellant's main contention is that the evidence did not authorize a finding that he had been the driver of the vehicle in question and that a verdict of his guilt as to any driving offense would therefore be unauthorized. The evidence that was adduced at appellant's trial is virtually identical to that which was produced in *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283) (1987). The only major distinction is that, unlike *Phillips*, in this case the purported actual driver of the vehicle was called by appellant as a defense witness. This witness corroborated appellant's exculpatory testimony and testified that it was he and not appellant who had driven the car. However, the jury was also authorized to find that this defense witness had been impeached by proof of his prior convictions for crimes of moral turpitude. "Although no one saw [appellant] driving the truck, the circumstantial evidence demonstrated he had been in physical control of a moving vehicle shortly before the police arrived. ' "The jury was authorized not to accept an alternate hypothesis offered by (appellant)." [Cit.]' [Cit.]" *Phillips v. State*, supra at 55 (1). Thus, the evidence would support a finding that appellant had driven the vehicle.

2. However, the additional evidence that was adduced with regard to appellant's violation of former OCGA § 33-34-12, as alleged in Count Three, is almost identical to that which was produced in *Wil-*

*liams v. State*, 181 Ga. App. 49 (351 SE2d 207) (1986). That appellant "did not have an insurance card (or, for that matter, insurance coverage) cannot be said to prove ipso facto that he knowingly operated a vehicle (which was owned by another) without effective insurance. . . . There being no conflict in the evidence, the trial court erred by failing to grant [appellant's] motion for a directed verdict of acquittal upon Count [Three] of the indictment." *Williams v. State*, supra at 50-51 (2). Accordingly, appellant's conviction as to that count must be reversed on the general grounds.

3. Appellant enumerates as error the failure to give his requested charges on circumstantial evidence. The record shows that the trial court did charge on circumstantial evidence. However, that charge "is claimed to have been inadequate because it was not the instruction requested by [appellant]. The charge [given by the trial court] was in accordance with [OCGA § 24-4-6], which establishes the standard for conviction on circumstantial evidence. It is not necessary to give the exact language of a request to charge when the same principles are fairly given in the general charge. [Cit.] The trial court did not err." *Howard v. State*, 153 Ga. App. 171 (3) (264 SE2d 704) (1980).

4. For the reasons discussed in Division 2, the conviction for violating former OCGA § 33-34-12 is reversed. The remaining three convictions are affirmed.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 12, 1988.

*Fred L. Cavalli*, for appellant.
*Robert E. Keller*, District Attorney, *Tracey Ramey*, Assistant District Attorney, for appellee.