### 76145. MOORE v. THE STATE.
(367 SE2d 239)

POPE, Judge.

Olin Moore III brings this appeal from his conviction and sentence of driving under the influence of alcohol. *Held*:

1. Phillip Crow testified that his van was struck in the rear by a

hit/run vehicle on Buford Highway near North Druid Hills Road in DeKalb County while he was stopped to make a left-hand turn into T. J. Applebee's. He saw the offending car "coming around" to his left in his rearview mirror and saw a black male driving the car, but he could not tell if any other people were in it. Crow got a tag number of the car, a white 1986 Chrysler LeBaron convertible, and later saw the car at a gasoline service station which was within a mile of the scene of the hit/run accident. He testified: "[T]he tag number matched and the damage in the front and the paint that was left on the back of the van on the tire mount was also white, matched the car." The view of this vehicle for a second time by Crow was "within 30 minutes" of the hit/run. Crow could not identify anyone as the driver of the car and was only able to identify the vehicle itself to the investigating officer.

The arresting officer, R. A. Tribble of the DeKalb Police Department, testified that on April 27, 1987, at approximately 11:30 p.m. he received a radio dispatch for a hit/run accident in front of T. J. Applebee's. He went to the scene, met Crow and others, and made some investigation, later driving to a service station at Buford Highway and North Druid Hills Road. The officer estimated the distance from the hit/run scene to the service station at one-half block. He "encountered" a white convertible and appellant who was "standing by the vehicle when I pulled up." The officer did not "encounter" anyone else there with the vehicle and appellant. He motioned for appellant to walk toward him and noticed his gait was unsteady and, as he got close enough, smelled the odor of alcohol. He placed him under arrest (in the back of the patrol car) and read appellant the implied consent warning. The officer concluded that appellant was drunk but gave him no field test at the scene. The officer asked appellant whether he owned the car but has no recollection of asking appellant whether he was driving, and appellant never volunteered that information. Officer Tribble then turned appellant over to another uniformed officer who transported him to the DeKalb County jail. Officer Tribble made no inquiry of the service station attendant nor did he go inside the building to see if anyone there may have been an occupant of the car. Officer Tribble explained: "I was in a non-screened unit and I could not secure [appellant] and leave him without the possibility . . . of allowing him to leave the scene again. [Also,] I believed from the indication given to me by . . . Crow at the . . . Shell station that he was indicating that he was pointing to [appellant] and saying, yes, that's the one, which gave me the indication that he was identifying [appellant] and the vehicle as the hit and run."

"At the close of the State's evidence, appellant moved for and was denied a directed verdict of acquittal. Appellant presented no evidence. He contends that the evidence is insufficient to support his

conviction because there is no direct evidence that he was the driver of the [white Chrysler convertible]. It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. It is not necessary that the circumstantial evidence exclude every . . . inference or hypothesis except guilt of an accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. The jury itself decides whether every reasonable hypothesis except that of guilt of the defendant has been excluded. The jury was in the best position to judge the credibility of the witnesses. The evidence in this case did not demand a verdict of acquittal and was altogether sufficient for any rational trier of fact to have found appellant guilty of the [crime] charged beyond a reasonable doubt." (Cits. and punctuation omitted.) *Braswell v. State*, 173 Ga. App. 588, 589 (327 SE2d 558) (1985). E.g., *State v. Hill*, 178 Ga. App. 669 (344 SE2d 491) (1986); *Russell v. State*, 174 Ga. App. 436 (2) (330 SE2d 175) (1985); *Lawrence v. State*, 157 Ga. App. 264 (1) (277 SE2d 60) (1981). Cf. *Scott v. Mayor &c. of Athens*, 111 Ga. App. 173 (140 SE2d 922) (1965) (circumstantial evidence that alleged violations were committed by a "negro male" driving an auto identified as one belonging to defendant (who was a negro male), and defendant admitting the auto belonged to him, was insufficient, without more, to warrant a conviction).

2. Appellant's second enumeration of error — that the trial court erred in sustaining the State's objection to appellant's evidence that the automatic suspension of his driver's license for refusal to take the implied consent test had been rescinded by the Department of Public Safety — was abandoned at oral argument in light of the holding in *Sheffield v. State*, 184 Ga. App. 141 (1) (361 SE2d 28) (1987).

3. Appellant's final enumeration assigns error to the trial court's refusal to give three written requests to charge relating to circumstantial evidence. "The record clearly shows that the charge as given by the trial court amply covered the principle of law contained in [appellant's] requested instruction[s]. Accordingly, [appellant's] contention it without merit because '(w)here the charge actually given substantially covers the principle articulated in a request to charge, the failure of the trial court to charge in the exact language requested is not error.' [Cits.]" *Burrell v. State*, 171 Ga. App. 648, 651 (320 SE2d 810) (1984). E.g., *Swann v. State*, 169 Ga. App. 429 (1) (313 SE2d 131) (1984); *Russell v. State*, 160 Ga. App. 290 (4) (287 SE2d 286) (1981); *Howard v. State*, 153 Ga. App. 171 (3) (264 SE2d 704) (1980). The recent holding in *House v. State*, 184 Ga. App. 724 (4) (362 SE2d 429) (1987), does not require a different result.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 2, 1988 —
REHEARING DENIED MARCH 16, 1988.

Robert P. Wilson, W. John Wilson, for appellant.
Ralph T. Bowden, Jr., Solicitor, J. Russell Mayer, Assistant Solicitor, for appellee.