## 67068. EVANS v. THE STATE.

BIRDSONG, Judge.

Appellant Melvin Evans was convicted of driving under the influence and driving while license suspended. He was arrested on December 5, 1981, for these offenses and on the occasion of the arrest was issued a "Uniform Traffic Citation, Summons, Accusation/Warning," for each offense (see OCGA § 40-13-1) (Code Ann. § 92A-2701). The arresting officer apparently neglected to sign, under oath and before an authorized magistrate, the "arresting officer's certification" on the citations attesting that he reasonably believed the defendant committed the offenses. The county prosecuting attorney issued a formal accusation against the appellant and appellant was arraigned on January 5, 1983 as the "ticket" summons required. After the case was called for trial and the jury was

selected and sworn, appellant filed a motion "to quash accusation" (special demurrer; *Carter v. State,* 155 Ga. App. 49 (1) (270 SE2d 233)) on the grounds that the "accusation had not been sworn to before the magistrate or judge and is improper." From the denial of this motion, and his subsequent conviction, Evans appeals. *Held:*

Pretermitting any question regarding the timeliness of appellant's motion, it is clear that there was nothing improper about the formal accusation in this case. OCGA § 17-7-71 (a) (Code Ann. § 27-705) provides: "(a) In all misdemeanor cases in superior, state, or county courts, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. *The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation* and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." (Emphasis supplied.) The appellant was previously arrested in conjunction with the transaction charged in the accusation.

The oath and attestation upon the uniform traffic citation issued to appellant at his arrest is apparently an "affidavit," developed by the Commissioner of Public Safety for the prosecution of traffic offense cases; according to OCGA § 40-13-1 (Code Ann. § 92A-2701), this "ticket" alone would suffice to prosecute a traffic violation. However, in this case, a formal accusation was issued by the prosecuting attorney, pursuant to authority of OCGA § 17-7-71 (Code Ann. § 27-705). The appellant having been duly arrested for the offense, the accusation without affidavit was proper. The appellant in effect is contending that the oath on the ticket is an affidavit required to support an accusation. Although this argument might have merit if the offense had been prosecuted on the ticket alone under OCGA § 40-13-1 (Code Ann. § 92A-2701), the prosecution by formal accusation following arrest pursuant to OCGA § 17-7-71 (Code Ann. § 27-705), was a correct procedure.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 7, 1983 —
REHEARING DENIED NOVEMBER 2, 1983 —

*Howard T. Scott,* for appellant.
*Ken Stula, Solicitor,* for appellee.