74670. THE STATE v. DOYAL.
(361 SE2d 17)

CARLEY, Judge.

Appellee was arrested for the offenses of driving under the influence of alcohol and improper lane change. A "Uniform Traffic Citation, Summons, Accusation/Warning" was issued for each offense. See OCGA § 40-13-1. However, here as in *Evans v. State*, 168 Ga. App. 716 (310 SE2d 3) (1983), "[t]he arresting officer apparently neglected to sign, under oath and before an authorized magistrate, the 'arresting officer's certification' on the citations attesting that he reasonably be-

lieved [appellee] committed the offenses." Also as in *Evans*, supra, the prosecuting attorney subsequently filed formal accusations unsupported by affidavits, charging appellee with the two traffic offenses. Appellee moved to dismiss those accusations. Unlike *Evans*, supra, the trial court granted appellee's motion to dismiss the accusations and the State appeals from that order.

Prior to enactment of existing OCGA § 17-7-71 (a), all accusations charging the commission of a misdemeanor were required to be supported by an affidavit. See *Bickley v. State*, 243 Ga. 488 (255 SE2d 31) (1979). OCGA § 17-7-71 (a) is now controlling and that statute provides: "In all misdemeanor cases in superior, state, or county courts, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." Accordingly, in view of the fact that appellee had previously been arrested for the two misdemeanor traffic offenses charged in the formal accusations that were subsequently filed by the prosecuting attorney, the absence of supporting affidavits for those formal accusations is not a ground upon which their dismissal could be predicated. See *Evans v. State*, supra.

Appellee urges, however, that the accusations which form the basis of his prosecution are not the formal accusations that were subsequently filed by the prosecuting attorney but the two "Uniform Traffic Citations, Summons, Accusation/Warning" forms which were initially issued by the arresting officer. According to appellee, it is only those original forms which can serve as the basis for his prosecution and the prosecuting attorney has no authority to file subsequent accusations which charge the same two traffic offenses. It is true that the uniform citation form can be used as an accusation and that a prosecution premised thereupon *"shall proceed . . .* without the necessity of filing an indictment or other accusation. . . ." (Emphasis supplied.) OCGA § 40-13-3. In such a prosecution, the form must comply with all requirements applicable to a formal accusation, including satisfaction of any applicable affidavit requirement established by OCGA § 17-7-71 (a). However, it is not true that a prosecution must proceed upon the uniform traffic citation form that has initially been issued and that the prosecuting attorney has no authority to file a subsequent formal accusation. "[T]he [S]tate is not prohibited from issuing a subsequent accusation. . . ." *Cargile v. State*, 244 Ga. 871, 874 (2) (262 SE2d 87) (1979).

Thus, assuming that the uniform traffic citation forms which were issued to appellee could not serve as valid accusations under

OCGA § 17-7-71 (a) for lack of the arresting officer's affidavit, it is clear that they do serve as evidence that appellee had been arrested previous to the filing of the formal accusations by the prosecuting attorney. Appellee "having been duly arrested for the offense[s], the [formal] accusation[s] without affidavit[s] [were] proper. [Appellee] in effect is contending that the oath on the ticket[s] is an affidavit required to support an accusation. Although this argument might have merit if the offense[s] [were being] prosecuted on the ticket[s] alone under OCGA § 40-13-3 . . . , the prosecution by formal accusation[s] following arrest pursuant to OCGA § 17-7-71 . . . was a correct procedure." *Evans v. State*, supra at 717. The trial court erred in failing to follow the controlling authority of *Evans v. State*, supra, and the grant of appellee's motion to dismiss the accusations is reversed.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*James L. Webb, Solicitor, Richard Edwards, Assistant Solicitor,* for appellant.
*Robert A. Harris,* for appellee.