## 74492. THE STATE v. McKENZIE.
### (361 SE2d 54)

POPE, Judge.

The State brings this appeal from the trial court's November 17, 1986 order granting defendant's motion for acquittal pursuant to OCGA § 17-7-170. The record shows that on February 28, 1986 defendant was arrested for public indecency in violation of OCGA § 16-6-8. Although not apparent of record, the parties agree, and the trial court found, that at the time of his arrest defendant was issued a Uniform Traffic Citation containing the charges against him and a hearing date. At the hearing held on March 14, 1986 defendant entered a not guilty plea and was bound over to the State Court of Fulton County. Defendant's file was received in the solicitor's office on March 20, 1986. On May 19, 1986 defendant filed his speedy trial demand with the Clerk of the State Court of Fulton County and the

State concedes, delivered a copy to the solicitor's office.[1] The solicitor's office filed a formal accusation against the defendant on June 25, 1986. On September 23, 1986 defendant filed his motion for acquittal. At the hearing held thereon, the trial court concluded that although defendant's demand for speedy trial was filed prior to the return of the accusation against him it would nevertheless grant defendant's motion because the demand and accusation were filed within the same term.

Under these facts we agree with the State that the trial court erred in granting defendant's motion for acquittal. "It is well settled in Georgia law that the protection conferred by [OCGA § 17-7-170] attaches with the formal indictment or accusation. [Cit.]" *Anders v. State*, 175 Ga. App. 22, 23 (332 SE2d 299) (1985). Thus, " 'a demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. *Fisher v. State*, 143 Ga. App. 493 (238 SE2d 584) (1977).' *Majia v. State*, 174 Ga. App. 432, 433 (1) (330 SE2d 171) (1985)." *State v. Hicks*, 183 Ga. App. 715, 716 (359 SE2d 712) (1987). There is no provision in Georgia law whereby a prematurely filed speedy trial demand can be resuscitated by a later returned accusation (or indictment) whether they are filed in the same term or not.

Defendant, however, posits the argument that the Uniform Traffic Citation issued at the time of his arrest contained the necessary accusation and thus his demand was not prematurely filed. See *State v. Spence*, 179 Ga. App. 750 (347 SE2d 612) (1986); *Majia v. State*, 174 Ga. App. 432 (1), supra. We disagree. Those cases in which we have held that the citation itself contains the necessary accusation, including those cited above, have all concerned traffic-related offenses which may be prosecuted on the citation without the necessity of returning a formal accusation pursuant to OCGA § 17-7-71. See OCGA § 17-7-71 (b) (1); OCGA §§ 40-13-1; 40-13-3 and 40-13-24; see also *Evans v. State*, 168 Ga. App. 716 (310 SE2d 3) (1983). Such an exception does not apply to the crime of public indecency, and the citation issued in the present case was not sufficient to constitute the accusation against the defendant herein. Accordingly, defendant's demand for speedy trial was prematurely filed and the trial court erred in granting defendant's motion for acquittal.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

---

[1] We note that OCGA § 17-7-170 has been amended effective July 1, 1987 so as to provide that a demand for speedy trial must be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant. Ga. L. 1987, p. 841, § 1.

DECIDED SEPTEMBER 11, 1987.

James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor, for appellant.

W. Jason Uchitel, for appellee.