A89A0450. THE STATE v. LIPSKY.
(383 SE2d 204)

BENHAM, Judge.

The State brings this direct appeal from the trial court's grant of appellee's motion for discharge and acquittal pursuant to OCGA § 17-7-170. See OCGA § 5-7-1 (5).

On December 17, 1987, a uniform traffic citation was issued to appellee Lipsky, charging him with driving under the influence. Pursuant to the February 4, 1988, request of appellee's attorney, the case was bound over from the Recorder's Court of Gwinnett County to the State Court of Gwinnett County. The parties agree that the case was bound over to the state court on February 8, 1988. Two weeks later, on February 22, appellee filed a "Demand for Trial" and served it on the solicitor. The sufficiency of the demand is not at issue. An accusation charging appellee with driving under the influence on December 15, 1987, was filed in the state court on April 28, 1988. Citing OCGA § 17-7-170, appellee filed his motion for dismissal on September 1, 1988.

"Any person against whom . . . an accusation is filed with the clerk for [a non-capital offense] may enter a demand for trial. . . . [T]he demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant. If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the . . . accusation. . . ." OCGA § 17-7-170. "OCGA § 17-7-170 was enacted to implement the constitutional provision for a speedy trial. [Cit.] . . . In the absence of a right to a speedy trial the accused might suffer uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely." *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) (1985).

According to the trial court, the State Court of Gwinnett County has six two-month terms of court beginning in January, March, May, July, September, and November. The parties stipulated that juries were impaneled in the March, May, July, and September terms of court.

Citing *Hicks v. State*, 183 Ga. App. 715 (359 SE2d 712) (1987), the State contends the trial court's order should be reversed because appellee's February 22 demand for trial was premature since the ac-

cusation charging appellee with DUI was not filed until April 28. Appellee points out that "where, as here, a defendant has received a 'Georgia Uniform Traffic Citation Summons, Accusation/Warning,' the citation itself contains the accusation, and an accusation subsequently filed by the solicitor's office is superfluous." *Majia v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) (1985), aff'd 254 Ga. 660 (333 SE2d 834) (1985). *Majia* was decided under a now-outdated version of OCGA § 17-7-170. At that time the statute only required that an accusation be *preferred* against a defendant, and the trial court concluded that an accusation, the traffic citation, had been preferred against Majia. The current version of OCGA § 17-7-170 requires that an accusation be *filed with the clerk* before an accused may file a demand for trial. Therefore, the timeliness of appellee's motion depends upon whether an accusation, i.e., the traffic citation, was filed in the state court on February 22, 1988, the date appellee filed his demand for trial. Despite the parties' stipulation that the case was bound over from recorder's court to state court on February 8, 1988, there is no evidence that the case received and filed by the state court clerk's office on that date contained an accusation, the uniform traffic citation. Without evidence that a uniform traffic citation or a formal accusation was filed in the state court prior to appellee's demand for trial, the trial court erred in granting appellee's motion for discharge. *Hicks v. State*, supra. Our reversal of the trial court's grant of appellee's motion does not preclude appellee from renewing his motion for discharge and acquittal in the trial court and presenting additional evidence in support of his motion.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1989.

*Gerald N. Blaney, Solicitor, David M. Fuller, Assistant Solicitor*, for appellant.

*John B. Tucker*, for appellee.