A91A0758. THE STATE v. FRAZIER.
(410 SE2d 134)

COOPER, Judge.

The State appeals from the trial court's grant of defendant's motion for discharge and acquittal.

Defendant was arrested and issued four Uniform Traffic Citations for driving under the influence, crossing a double yellow line, no proof of insurance, and aggravated assault. At his committal hearing, he requested a jury trial, and his case was bound over to the State Court of Fulton County. The record reflects that the solicitor's office received the charges on June 12, 1989, and that defendant filed a demand for trial pursuant to OCGA § 17-7-170 on June 30, 1989. Thereafter, on July 21, 1989, the solicitor's office filed accusations with the clerk of the court, charging defendant with driving under the influence, simple assault, driving on the wrong side of the road, and no insurance. Subsequently, defendant's attorney waived arraignment, and the case was placed on a calendar for trial. On January 24, 1990, defendant's case was called for trial; however, defendant was out of the country and his attorney moved for a discharge and acquittal on the ground that defendant had not been tried within the time allowed under OCGA § 17-7-170. The case was placed on a motions calendar and following a hearing on the motion, the trial court granted defendant a discharge and acquittal.

1. The State argues that defendant's demand for trial was untimely filed, therefore, the trial court erred in granting the discharge and acquittal. OCGA § 17-7-170 provides: "Any person against whom a true bill of indictment or an accusation is filed with the clerk . . . may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . ." The trial court, relying on *Majia v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) (1985), found that the Uniform Traffic Citation constituted a proper accusation and notice and rejected the State's argument that a demand could not be made until the accusation had been filed with the clerk in state court. The trial court's reliance on *Majia* was misplaced. "*Majia* was decided under a now-outdated version of OCGA § 17-7-170. At that time the statute only required that an accusation be *preferred* against a defendant, and the

trial court concluded that an accusation, the traffic citation, had been preferred against Majia. The current version of OCGA § 17-7-170 requires that an accusation be *filed with the clerk* before an accused may file a demand for trial. Therefore, the timeliness of [defendant's] motion depends upon whether an accusation, i.e., the traffic citation, was filed in the state court on [June 30, 1989], the date [defendant] filed his demand for trial." *State v. Lipsky*, 191 Ga. App. 842, 843 (383 SE2d 204) (1989). It is undisputed that the solicitor did not file the accusations and Uniform Traffic Citations with the clerk until July 21, 1989. Therefore, since the accusations had not been filed at the time defendant filed his demand, the trial court should not have granted defendant's motion for discharge and acquittal.

Defendant argues that his right to a speedy trial should not be impeded because of the solicitor's delay in filing the accusation. Although "[c]lerical errors may not affect a defendant's statutory right to speedy trial," we do not conclude that the solicitor's delay of approximately six weeks in filing the accusation was unreasonable. Compare *Klinetob v. State*, 194 Ga. App. 52, 53 (389 SE2d 551) (1989) (delay of almost 11 months held unreasonable).

2. Because of our holding in Division 1, we find it unnecessary to consider the State's remaining enumeration of error.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*James L. Webb, Solicitor, R. Lee O'Brien, Jr., Helen A. Roan, Assistant Solicitors*, for appellant.
*Harvey T. Siegel*, for appellee.