## A91A0756. HUFF v. THE STATE.
(411 SE2d 60)

BEASLEY, Judge.

Appellant asserts that the court erred in denying his plea in bar for failure to try him within two terms of his demand for trial.

Appellant was arrested on October 20, 1989, by a City of McDonough police officer and charged with DUI. A uniform traffic citation commanded him to appear in the Recorder's Court of the City of McDonough on December 14, 1989.

On January 23, 1990, he filed a pleading captioned a "waiver of jury trial & demand for jury trial." In this pleading, appellant stated that he was waiving "his right to a jury trial in order to be tried in the City Court of McDonough, but in the event his case is transferred to another Court over his objection and through no fault or action of Defendant, then Defendant demands a JURY TRIAL and ask[s] that the same be placed upon the minutes and that he be tried at this term or at the next succeeding Court term, or in default of such trial, that he be fully acquitted and discharged of said offense. This Motion made pursuant to OCGA § 17-7-170, 40-13-23. . . ."

An accusation on the charge was filed against appellant in the Henry Superior Court during its April 1990 term. See OCGA § 15-6-3 (18) (B). On July 16, in the next term, appellant filed a plea in bar on grounds that he had filed a demand for speedy trial under OCGA § 17-7-170 in January in the city court, and there were juries empaneled and qualified to try him during the January and April terms of superior court.

1. The first issue is whether the pleading filed by appellant constituted a demand for speedy trial under OCGA § 17-7-170. It did, for it was "sufficient to put the authorities on notice of . . . defendant's intention to invoke the extreme sanction of . . . OCGA § 17-7-170." *Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762) (1984); *State v. Allen*, 192 Ga. App. 730, 732 (2) (386 SE2d 394) (1989). In particular, it refers expressly to the operational Code section. *State v. Prestia*, 183 Ga. App. 24 (1) (357 SE2d 829) (1987). Cf. *Grier v. State*, 198 Ga. App. 840 (1) (403 SE2d 857) (1991). The pleading served the important purpose of notifying the State and the court of "defendant's intention to proceed to a trial, or be discharged, at a subsequent term." *Stripland v. State*, 115 Ga. 578, 581 (41 SE 987) (1902).

2. The second issue is whether appellant's demand was sufficient to invoke the extreme sanction of discharge and acquittal if he was not tried within the January or April 1990 terms of court.

Appellant argues that inasmuch as this case was transferred from recorder's court to superior court without request by him, the demand for speedy trial filed in recorder's court, while the superior court was in its January term, barred trying him in superior court after its April

term, notwithstanding the fact that an accusation was not filed against him in superior court until the April term.

It is questionable whether the demand had any efficacy at all, in that it was filed by appellant only in a court which *did* not have terms or juries, and not refiled by appellant in the court which *did* have such. See *Cliatt v. State*, 194 Ga. App. 110 (389 SE2d 568) (1989), and special concurrence in *Adams v. State*, 189 Ga. App. 345 (375 SE2d 642) (1988). Even if it had breath, it could not effectively start the timing of the two-term rule until it was on record in the superior court. OCGA § 17-7-170 states: "[It] shall be binding only in the court in which the demand is filed. . . ." See *State v. Lipsky*, 191 Ga. App. 842 (383 SE2d 204) (1989).

The exception which follows does not apply because, at the least, the court in which the demand was filed did not have terms or juries. Ga. L. 1981, pp. 3387, 3404-3406. As stated in *Ramsey v. State*, 189 Ga. App. 91, 93 (375 SE2d 63) (1988): "Implicit in the wording of this statute is that this demand is applicable only in courts which have terms and impanel juries. . . ." Ga. L. 1981, pp. 3387, 3404-3406.

Contrary to appellant's contention, he was not entitled to acquittal in the July term, because it was only the second term after the demand was applicable, if it applied at all. Cf. *O'Neal v. State*, 188 Ga. App. 270 (372 SE2d 833) (1988). See *Adams v. State*, supra; *Ramsey v. State*, supra.

It must be remembered that " '[t]he dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute.' [Cit.]" *Hanson v. State*, 196 Ga. App. 589, 590 (1) (396 SE2d 510) (1990).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED OCTOBER 7, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.