A93A0554. POPPELL v. THE STATE.
(432 SE2d 573)

BLACKBURN, Judge.

The defendant, James Robert Poppell, pled guilty to driving under the influence, conditioning his plea upon his right to appeal the court's denial of his general demurrer and his plea in bar. His 12-

month jail sentence was suspended based upon the payment of a fine in addition to the completion of 10 days of community service work. On appeal, he contends that the formal accusation filed by the solicitor was filed outside of the two-year statute of limitation, and as a result, he is entitled to a dismissal of the DUI charge.

On November 27, 1987, the defendant was issued a "Uniform Traffic Citation, Summons, Accusation/Warning" (UTC) for DUI (second offense), in violation of OCGA § 40-6-391 (a) (3), and was subsequently arrested. The police department, on September 6, 1991, "turned over to" the solicitor charges against the defendant and the solicitor issued a formal accusation on the DUI charge on September 10, 1991, although no additional charges were filed against the defendant. The defendant filed a plea in bar, alleging that the accusation was untimely as it was filed outside of the two-year time period.

At trial, the court denied the defendant's plea in bar and the defendant's general demurrer, and the defendant subsequently pled guilty to the DUI offense, subject to his right to bring this appeal, as approved by the trial court and agreed to by the solicitor. This appeal followed the defendant's 12-month suspended sentence for driving under the influence.

"Generally, prosecution for misdemeanors must be commenced within two years after the commission of the crime. OCGA § 17-3-1 (d)." *Duncan v. State*, 193 Ga. App. 793 (389 SE2d 365) (1989). While we conclude that prosecution of the defendant under the September 10, 1991 formal state court accusation is barred by OCGA § 17-3-1 inasmuch as the offense occurred on November 27, 1987, and the accusation was filed on September 6, 1991, "such does not require the complete grant of defendant's plea in bar since defendant [can] be prosecuted under the uniform traffic citation which [he] received at the time of [his] arrest. Since the uniform traffic citation contains an accusation [and constitutes the commencement of the prosecution], the 'accusation subsequently filed by the solicitor's office is superfluous.' [Cit.]" *Duncan*, supra at 794. "Prosecution being pursued in state court, there was no need for a formal indictment; the citation alone sufficed to prosecute the traffic violation." *Weaver v. State*, 179 Ga. App. 641 (1) (347 SE2d 295) (1986). As provided in OCGA § 40-13-1, "a uniform traffic citation . . . shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged. . . ." The trial court properly denied the defendant's plea in bar and proceeded to accept a plea on the DUI charge, as originally contained in the uniform traffic citation. The trial court did not err in denying the defendant's plea in bar in that the prosecution was timely commenced by the issuance of the uniform traffic citation on November 27, 1987.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 24, 1993 —
RECONSIDERATION DENIED JUNE 17, 1993 — 

*Richard Phillips*, for appellant.
*J. William Harvey*, for appellee.