## A93A1888. GROOM v. THE STATE.
(441 SE2d 259)

SMITH, Judge.

The denial of a motion for discharge and acquittal under OCGA § 17-7-170 is the sole issue presented in this appeal. In the February 1992 term of Walton County Superior Court, Jonath Groom was charged by accusation with theft by taking, OCGA § 16-8-2, interference with government property, OCGA § 16-7-24, and criminal trespass, OCGA § 16-7-21. On April 17, 1992, during the February 1992 term, Groom filed a demand for trial pursuant to OCGA § 17-7-170.

There are four terms of the Walton County Superior Court, in February, May, August, and November. OCGA § 15-6-3 (2) (B). Although it is not apparent from the record, the parties agree, and the trial court found, that the May and August terms of court passed without Groom's case being reached for trial and that juries were impanelled and qualified to try him during those terms. On October 8, 1992, during the August 1992 term, Groom was indicted on the charges of theft by taking and interference with government property. The November 1992 term passed without Groom's case being reached. On April 28, 1993, during the February 1993 term, Groom filed his motion for discharge and acquittal. The trial court granted Groom's motion with respect to the accusation of misdemeanor criminal trespass and denied it as to the two felony charges. Groom appeals the denial of his motion and we affirm.

Under Georgia law, a trial court may not try a person charged with a felony until an indictment issues, unless the accused files a waiver of indictment and consent *in writing*. OCGA § 17-7-70. The waiver and consent is a prerequisite to jurisdiction, and therefore a conviction obtained upon an accusation for a felony offense without such waiver and consent is void for lack of jurisdiction. *Roberson v. Balkcom*, 212 Ga. 603 (1) (94 SE2d 720) (1956). No such waiver appears in the record, and Groom concedes that he did not file a waiver of indictment in writing. Therefore the trial court could not have tried Groom until the indictments issued.

OCGA § 17-7-170 (a) provides: "[a]ny person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter." While Groom acknowledges that he did not refile a demand for trial after the indictments issued on the felony charges, he contends that the statutory language referring to "a true bill of indictment or an accusation" allows a speedy trial demand to be filed after an accusation but before indictment, even in cases in which an indictment is required in order to confer jurisdiction. We conclude, however, that the language referred to applies to an accusation only in those cases in which no indictment is necessary, either because of the nature of the offense or a defendant's written waiver of indictment. " 'The defendant can not demand trial until there is a case in the court which has jurisdiction to try him.' " *State v. Hicks*, 183 Ga. App. 715, 716 (359 SE2d 712) (1987).

In *State v. McKenzie*, 184 Ga. App. 191, 192 (361 SE2d 54) (1987), this court held that a demand for trial under OCGA § 17-7-170 was premature when it was made before an accusation was filed on a traffic offense, even though a uniform traffic citation had been issued. Certain traffic offenses by statute "may be prosecuted on the citation without the necessity of returning a formal accusation," id. at 192, and as to those offenses a demand for trial is not premature when it precedes any formal accusation. *State v. Spence*, 179 Ga. App. 750 (347 SE2d 612) (1986). However, where formal accusation is required in order to prosecute the offense, the citation alone is insufficient and a demand for speedy trial filed before the accusation is premature. *State v. McKenzie*, supra, 184 Ga. App. at 192.

Similarly, where an indictment is required in order to prosecute the offense, an accusation alone is insufficient, and a demand for speedy trial filed before indictment is premature. *Dalton v. State*, 263 Ga. 138 (429 SE2d 89) (1993), cited by Groom, is inapposite. The indictment in that case was preceded by an earlier indictment on which the defendant properly could have been tried, but the defendant was reindicted after a successful motion to quash a death penalty notice. In contrast, Groom could not have been tried on the accusation which preceded his indictment.

Groom's demand for trial accordingly was premature. "Because the penalty imposed by this statute against the state is so great, it must be strictly construed." *Day v. State*, 187 Ga. App. 175, 176 (369 SE2d 796) (1988). The trial court did not err in denying Groom's motion for discharge and acquittal.[1]

---

[1] OCGA § 17-7-70.1, which would affect this result as to the theft by taking charge, is by

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 3, 1994 —
RECONSIDERATION DENIED FEBRUARY 18, 1994 —

*Dickinson, Noel & Peeples, David F. Dickinson,* for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney,* for appellee.

---

its terms applicable only to arrests made on and after July 1, 1992. Ga. L. 1992, pp. 1808, 1810.