### A94A0887. THE STATE v. BLACK.
(444 SE2d 368)

BEASLEY, Presiding Judge.

The State appeals the trial court's grant of defendant Black's motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b). See OCGA § 5-7-1; *State v. Benton*, 246 Ga. 132 (269 SE2d 470) (1980). Black's demand for trial was not timely.

On November 29, 1992, Black was issued two uniform traffic citations, one for driving under the influence in violation of OCGA § 40-6-391, and the other for "improper driving on roadway" in violation of OCGA § 40-6-48. The citations were stamped with the date January 15, 1993, which the State maintains evidences the date of filing with the court (the stamp consists merely of the date with no indication of the court). There is no evidence of filing on some other date. On March 10, through counsel, Black waived arraignment and filed several motions. Black's case was originally set for trial in the State Court of Fulton County on May 13 but thereafter the trial and the motions' hearing were reset to July 7, then to July 14, and eventually to September 29.

On May 21, Black filed her demand for speedy trial. Accusations based on the citations were filed on July 1. The trial court has six two-month terms of court beginning on the first Mondays in January, March, May, July, September, and November. OCGA § 15-7-40, Ga. L. 1983, p. 4501, § 1; see *Smith v. State*, 207 Ga. App. 762, 763 (429 SE2d 149) (1993). Juries were impaneled in both the May and July terms. The case was called for trial on September 29, and on that day Black was granted discharge and acquittal.

"Any person against whom . . . an accusation is filed with the clerk . . . may enter a demand for trial at the court term at which the . . . *accusation is filed or at the next succeeding regular court term thereafter*; or, by special permission of the court, he may at any subsequent court term thereafter demand a trial." (Emphasis supplied.) OCGA § 17-7-170 (a).

"As provided in OCGA § 40-13-1, 'a uniform traffic citation . . . shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged. . . .' " *Poppell v. State*, 209 Ga. App. 91, 92 (432 SE2d 573) (1993). Assuming the citations were filed with the court on January

15, the demand was filed neither during the term of court in which the citations were filed (January-February) nor during the next succeeding regular term (March-April); it was not filed until the May-June term of court. Black did not obtain special permission of the court to file her demand out of time.[1]

The formal accusations later filed were superfluous in regard to tolling the time for demand. *Smith*, supra. Even if the citations were not filed in the court on January 15, so that the time for demand began with the filing of the formal accusations on July 1, Black's demand would still not be effective because it would then be premature. " 'It is well settled in Georgia law that the protection conferred by (OCGA § 17-7-170) attaches with the formal indictment or accusation. (Cit.)' [Cit.] Thus, ' "a demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. [Cit.]" [Cit.]' [Cit.] There is no provision in Georgia law whereby a prematurely filed speedy trial demand can be resuscitated by a later returned accusation (or indictment) whether they are filed in the same term or not." *State v. McKenzie*, 184 Ga. App. 191, 192 (361 SE2d 54) (1987).

Black contends that her demand was timely filed in the term of court following her arraignment. She focuses on the general proposition in *State v. Spence*, 179 Ga. App. 750 (347 SE2d 612) (1986), "that an accusation embodied in an existing uniform traffic citation is 'found' within the meaning of OCGA § 17-7-170 (a) at the moment any court which is lawfully entitled to do so asserts its jurisdiction over the case." Id. at 752. She urges that the notice of arraignment meant the court had exercised its jurisdiction over the case and that the accusation had thus been "found." *Spence*, however, was decided under former OCGA § 17-7-170 (a), which in 1987 was amended to read "the court term at which the indictment or accusation is filed" rather than "found."

Black's further assertions that the uniform traffic citations were never filed with the court and/or that they were filed without notice to her in an attempt to defeat her right to a speedy trial lacks any factual support. Her own actions support the contrary. She waived arraignment on the charges on March 10 and at that time filed numerous motions in response to the charges.

Black is not entitled to discharge and acquittal.

---

[1] Following the grant of Black's motion for discharge and acquittal, the State moved for an extension of time in which to file an appeal. In a response filed in opposition to the motion for extension, Black alternatively requested that the court "issue an order, nunc pro tunc, allowing her demand for speedy trial to be filed outside the time set forth in OCGA § 17-7-170 in accordance with OCGA § 17-7-170 (a) as of March 10, 1993, which was within the next succeeding term following the term in which the State originally filed the citation." The State filed a timely notice of appeal and no action was taken on Black's late request.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 10, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 —

*Paul L. Howard, Jr., Solicitor, Denise A. Hinds, Deborah W.
Espy, Assistant Solicitors*, for appellant.
*Spruell & Dubuc, Brian M. Dubuc*, for appellee.