## A96A1865. TYLER v. THE STATE.

(481 SE2d 228)

BLACKBURN, Judge.

Jeffrey K. Tyler appeals the trial court's denial of his motion for judgment of acquittal pursuant to his speedy trial demand under OCGA § 17-7-170, asserting that the trial court erred in determining that his demand was premature.

On October 19, 1995, Tyler received a Uniform Traffic Citation (UTC) for driving under the influence. On October 31, 1995, Tyler filed various motions concerning this matter with the clerk of the court including a demand for a speedy trial under OCGA § 17-7-170. In March 1996, Tyler filed a motion for judgment of acquittal contending that he had not been tried although two full terms of court had expired and juries had been impaneled in each term that were qualified to hear his case. The State responded that Tyler's speedy trial demand had been premature as it was filed with the clerk prior to the filing of Tyler's accusation, contrary to the requirements of OCGA § 17-7-170. While the record in this matter contains both a UTC and an accusation, neither document reflects an indication of the date on which it was filed with the clerk. The trial court concluded that the accusation was docketed in the State Court of Richmond County on November 30, 1995, approximately one month after Tyler's demand was first filed. Based on this finding, the trial court then held that Tyler's demand was premature, and, consequently, his motion was denied. On March 18, 1996, Tyler's case was tried wherein he was convicted on two counts of driving under the influence. This appeal ensued.

OCGA § 17-7-170 provides in pertinent part: "[a]ny person

against whom a true bill of indictment or an accusation *is filed with the clerk* for [a non-capital offense] may enter a demand for trial. . . . If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." (Emphasis supplied.)

"It is well settled in Georgia law that the protection conferred by OCGA § 17-7-170 attaches with the formal indictment or accusation. Thus, a demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred." (Citations and punctuation omitted.) *State v. Black*, 213 Ga. App. 331, 332 (444 SE2d 368) (1994). See also *State v. Lipsky*, 191 Ga. App. 842, 843 (383 SE2d 204) (1989) ("[t]he current version of OCGA § 17-7-170 requires that an accusation be *filed with the clerk* before an accused may file a demand for trial"). Our Supreme Court has recently held however that the right to a speedy trial under OCGA § 17-7-170 also attaches when the State files a UTC which functions as an accusation. *State v. Gerbert*, 267 Ga. 169 (475 SE2d 621) (1996).

Here, it is clear that the subject UTC which was assigned Case No. 95-RCST-19426, was filed with the clerk on or before October 31, 1996. Various motions filed by Tyler on October 31, 1995, including his demand for a speedy trial, contain the case number assigned to the UTC. This case number was placed on Tyler's October 31, 1995, pleadings and accepted by the clerk for filing because the UTC had previously been assigned this case number when filed with the clerk. Accordingly, under *Gerbert*, supra, Tyler's demand for a speedy trial was not premature as it was filed after the UTC. While *Gerbert* had not been issued at the time of the trial court's ruling, its holding must be followed on appeal.

In light of the above, Tyler filed his demand in the October term of court or before.[1] It is undisputed that he was not tried either that term or the next regular term that followed even though juries were impaneled during both of these terms that were qualified to try Tyler's case. As a result, under our present Supreme Court holding, it was error to deny Tyler's motion for acquittal due to his failure to receive a speedy trial as mandated by OCGA § 17-7-170.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

---

[1] The Richmond State Court has six two-month terms of court that begin the third Monday of October, December, February, April, June, and August. Ga. L. 1911, p. 352.

DECIDED JANUARY 6, 1997 —
RECONSIDERATION DENIED FEBRUARY 11, 1997.

*William H. Lumpkin*, for appellant.
*Robert W. Hunter III, Solicitor, Jesse W. Owen, Sheryl B. Jolly, James J. Phillips, Assistant Solicitors*, for appellee.