A97A1361. THE STATE v. STANG.

(491 SE2d 382)

POPE, Presiding Judge.

The trial court granted defendant Steven Stang's motion for discharge and acquittal after the State failed to comply with defendant's speedy trial demand. See OCGA § 17-7-170. Concluding that defendant's speedy trial demand was premature and therefore a nullity, we reverse.

On September 5, 1996, defendant was issued Uniform Traffic Citations (UTCs) for driving under the influence of alcohol and failing to maintain his lane. At about that time, defendant was required to post bond and notified that he should appear in court on December 5, 1996. But the State did not file the UTCs or an accusation with the court until November 22, 1996. In the meantime, defendant had filed his speedy trial demand on September 24, 1996. When the clerk received this demand, the case did not have a number assigned; but the clerk accepted the demand, assigned a case number, and notified the prosecutor.

We have repeatedly held that a speedy trial demand is premature and a nullity if it is filed before the UTC or accusation is filed with the clerk of the court. See, e.g., *Shire v. State*, 225 Ga. App. 306 (483 SE2d 694) (1997); *Ghai v. State*, 219 Ga. App. 479 (465 SE2d 498) (1995); *State v. Lipsky*, 191 Ga. App. 842 (383 SE2d 204) (1989). Nonetheless, the trial court ruled that since defendant had to post

bond and was notified of his court date, it was clear that the State intended to prosecute him. Thus, the court reasoned, the purpose of an accusation was accomplished, and the early filing of the demand should be deemed timely.

This is not the law, however. We need a bright-line rule in this area, see *State v. Gerbert*, 267 Ga. 169 (475 SE2d 621) (1996), and this need will not be met if we have to ascertain in each case whether and when it was clear that the State intended to prosecute the defendant.

The trial court also erred in relying on *Klinetob v. State*, 194 Ga. App. 52 (389 SE2d 551) (1989) and *Tyler v. State*, 224 Ga. App. 550 (481 SE2d 228) (1997), both of which are distinguishable. In *Klinetob* we recognized that the accusation must be filed before the speedy trial demand, but nevertheless determined that the defendant's motion for discharge and acquittal should have been granted because the State's 11-month delay in filing the UTC/accusation was unreasonably long. 194 Ga. App. at 53. Here, on the other hand, the delay was less than three months, which is less than the four-month periods of delay involved in *Shire*, *Ghai*, and *Lipsky*, and thus not unreasonable per se. And in *Tyler* we reiterated the rule that the UTC/accusation must be filed before the speedy trial demand, but held that if the UTC in the record does not have a date stamp showing when it was filed, we will presume the UTC had already been filed when the defendant's demand was filed *if* the clerk already had a case number assigned to it. Unlike the UTC involved in *Tyler*, the UTCs in the record in this case have date stamps affirmatively showing they had *not* been filed when the demand was filed, and the clerk did not already have case numbers assigned to them.

Accordingly, the trial court erred in granting defendant's motion for discharge and acquittal based on the State's failure to comply with his speedy trial demand.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 28, 1997 —
RECONSIDERATION DENIED AUGUST 22, 1997 —

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Joseph N. Walden III, Assistant Solicitors,* for appellant.
*Jamie S. Wingler,* for appellee.