A00A0891. LAGYAK v. THE STATE.
(538 SE2d 467)

JOHNSON, Chief Judge.
Richard Lagyak appeals from the trial court's denial of his motion for judgment of acquittal pursuant to his speedy trial demand

under OCGA § 17-7-170, asserting the trial court erred in determining that his demand was premature. We disagree and affirm.

On September 21, 1997, the City of Doraville Police Department arrested Lagyak for speeding and driving under the influence of alcohol and issued uniform traffic citations ("UTCs") for the offenses. The UTCs show that Lagyak was to appear in municipal court to answer the charges as early as October 21, 1997, and several dates thereafter, though the record does not indicate what prompted the changes in court dates.

On May 6, 1998, Lagyak filed a demand for a jury trial in municipal court. On May 14, 1998, the municipal court judge signed an order binding the case over to the State Court of DeKalb County. On the same day, the solicitor's office picked up the bind-over packet from municipal court. On May 19, 1998, Lagyak's attorney filed an application for leave of absence with the state court, notifying the court that he would be unavailable for trial for approximately 14 days during the April and July terms. On May 28, 1998, the state court clerk sent a memorandum to the solicitor's office and Lagyak stating that there was no active case pending against Lagyak but that a state court case number was being assigned to the matter "(i)n order to maintain a record of the [leave of absence application]." The clerk requested that both parties refer to the new case number when filing the accusation or other pleadings. Lagyak filed a demand for speedy trial on July 1, 1998. On July 28, 1998, the state filed a formal accusation against Lagyak.

In January 1999, when the case had not been tried during the April-June or the July-September 1998 terms of court,[1] Lagyak filed a motion for discharge and acquittal.[2] The trial court denied the motion, finding that his demand for speedy trial was premature and, therefore, a nullity, because there was no active case pending against Lagyak at the time he filed his speedy trial demand.

On appeal, Lagyak contends that charges had been filed against him by the time he filed his speedy trial demand because a state court case number had been assigned which was later used on pleadings and also because an arraignment had been scheduled. His argument is without merit.

OCGA § 17-7-170 (a) provides, in pertinent part, that any person against whom a true bill of indictment or an accusation is filed with

---

[1] DeKalb County has four terms of court each year. They begin the first Monday in January, first Monday in April, first Monday in July, and the first Monday in October. Ga. L. 1983, pp. 4332-4333.

[2] We note that the case was not tried during the October-December term, either. However, trial had been scheduled for November 30, 1998, but defense counsel successfully moved to continue the case due to a conflict.

the clerk may enter a demand for trial. A UTC functions as an accusation, and the right to a speedy trial attaches when the state files a UTC.[3] If the person is not tried when the demand is made or at the next succeeding regular term of court, provided at both terms there were juries impaneled and qualified to try him, he shall be discharged and acquitted of the charged offense.[4]

Although the previous version of OCGA § 17-7-170 required only that an accusation be *preferred* against a defendant, and many of the cases relied upon by Lagyak were decided under the old version of the statute, the current version of the statute requires that the accusation be *filed with the clerk* before an accused may file a demand for trial.[5] The "bright-line rule" that the right to a speedy trial attaches when the state files the UTC with the court clearly establishes that the first opportunity for a defendant to demand a speedy trial is when the state files the UTC.[6]

The timeliness of Lagyak's motion, therefore, depends upon whether the accusations or UTCs were filed in the state court on or before July 1, 1998, the date Lagyak filed his demand for speedy trial.[7] It is undisputed that the solicitor filed the accusations and the UTCs with the clerk on July 28, 1998. Because the accusations and UTCs had not been filed at the time Lagyak filed his demand, the demand was premature, and the trial court properly denied his motion for discharge and acquittal.[8]

We are not persuaded by Lagyak's arguments that because the case was assigned a case number and an arraignment date it was "filed" within the meaning of OCGA § 17-7-170. The clerk's office assigned a number to the case only to keep track of the leave application filed by Lagyak's attorney. The clerk notified both parties that there was no case pending at the time Lagyak filed the leave application. As a panel of this court pointed out in *Shire*, we will not allow a defendant to "file" a case against himself and thereby manipulate the system in an attempt to avoid prosecution.[9] Furthermore, Lagyak has not shown that the state court set an arraignment date before July 1, 1998, or that scheduling an arraignment date satisfies the statutory requirement that an accusation be filed.

Lagyak argues that the state should not be permitted to frustrate his right to a speedy trial by delaying the filing of accusations or UTCs with the clerk's office. While prosecutors certainly need to

---

[3] *State v. Gerbert*, 267 Ga. 169 (475 SE2d 621) (1996).
[4] OCGA § 17-7-170 (b).
[5] *State v. Frazier*, 201 Ga. App. 6, 7 (1) (410 SE2d 134) (1991).
[6] See *Shire v. State*, 225 Ga. App. 306, 309 (1) (483 SE2d 694) (1997).
[7] See *State v. Lipsky*, 191 Ga. App. 842, 843 (383 SE2d 204) (1989).
[8] Compare *Tyler v. State*, 224 Ga. App. 550, 551 (481 SE2d 228) (1997).
[9] *Shire*, supra at 308 (1).

act quickly in deciding whether a prosecution should proceed and in filing an accusation, we do not believe that the solicitor's ten-week delay in filing the accusations in this case was unreasonable.[10] Indeed, we note that the record shows that Lagyak's attorney requested leaves of absence covering approximately two weeks during the April and July 1998 terms of court, two more weeks during the October term, and a continuance of the trial of the case from November 30, 1998, until January 25, 1999. Under the circumstances, the solicitor's delay in filing the case was not unreasonable.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2000.

*Head, Thompson, Webb & Willis, William C. Head,* for appellant.
*Gwendolyn R. Keyes, Solicitor, Robert R. McNeill, Thomas E. Csider, Assistant Solicitors,* for appellee.

---

[10] See *Frazier,* supra (six-week delay in filing accusation not unreasonable); *State v. Stang,* 228 Ga. App. 204, 205 (491 SE2d 382) (1997) (state's ten-week delay in filing accusation not unreasonable); *Ghai v. State,* 219 Ga. App. 479 (465 SE2d 498) (1995) (four-month delay not unreasonable); compare *Klinetob v. State,* 194 Ga. App. 52, 53 (389 SE2d 551) (1989) (11-month delay unreasonable).